IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **NAKISHA JACKSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00800-O-BP |
| | § | |
| **UPM SERVICE CORP.,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Complaint (ECF No. 1) and Amended Complaint (ECF No. 14) filed by Nakisha Jackson ("Jackson") on July 30 and October 28, 2021, respectively. Also pending for consideration are Jackson's Motion for Summary Judgment (ECF No. 15), Motion to Set a Hearing Date (ECF No. 16), Motion to Rule (ECF No. 19), Motions to Enter Default (ECF Nos. 20 and 28), Motion for Default Judgment (ECF No. 21), and Motions for Miscellaneous Relief (ECF Nos. 24 and 26). This case was referred to the undersigned for pretrial management on December 7, 2020. ECF No. 17. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the pending motions **as MOOT** and **DISMISS** the case **without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

I.  **BACKGROUND**

Jackson filed this suit alleging medical malpractice on July 30, 2020. ECF No. 1. The clerk issued summons to Defendant UPM Service Corp. ("UPM") and other defendants that same day. ECF No. 2. Jackson filed a Certificate of Service on August 13, 2020 in which she certified that "all parties listed below were notified, in a timely fashion, of the civil action against them, with

summons (7/30/20) …." ECF No. 8. Included on that list was UPM, 1501 Yamato Rd, Ste 200 W, Boca Raton, FL 33431. *Id.*

Jackson filed a Motion to Amend Complaint on October 28, 2020, which Judge O'Connor granted the same day. ECF Nos. 12 and 13. Jackson filed her Amended Complaint, which named UPM as the sole defendant, on October 28 as well. ECF No. 14. In the certificates of service in the Motion to Amend Complaint and in the Amended Complaint itself, Jackson certified that she had served the Motion and Amended Complaint on UPM at the Yamato Road address in Boca Raton, Florida shown above and "[f]or notification purposes only, as the registered agent of UPM Service Corp: Unified Women's Healthcare of Texas, 15303 N. Dallas Pkwy, Ste 650, Addison, TX 75001." *See* ECF Nos. 12 at 8, 14 at 9. However, the file does not reflect that Jackson has properly served UPM with a Summons and either the Complaint or the Amended Complaint under the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." According to Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days from the date she files her complaint in which to serve the defendants with a copy. If the plaintiff does not serve a defendant within that time, the Court must dismiss the case without prejudice or "order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 4(h) gives a plaintiff two ways to serve process on a corporation. A plaintiff can either follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is

made" or deliver "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(e)(1), 4(h)(1). The district court in this case is in Texas, and Texas state law provides that service of process on a foreign corporation may be accomplished by serving the president, vice president, or registered agent of the corporation. Tex. Bus. Orgs. Code §§ 5.201(a) and 5.255(1).

A plaintiff may not serve the summons and complaint herself. The Federal Rules of Civil Procedure provide that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Additionally,

> [u]nless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

Fed. R. Civ. P. 4(e)(1).

Under Texas Rule of Civil Procedure 103, "*no person who is a party to or interested in the outcome of a suit* may serve any process . . . ." Tex. R. Civ. P 103 (emphasis added). Rule 103 also lists a variety of persons who may serve process. *Id.* Furthermore, the "officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay." Tex. R. Civ. P. 105. The citation shall be:

> served by any person authorized by Rule 103 by (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex. R. Civ. P. 106(a)(1) - (2). *See also* Tex. R. Civ. P. 107(a) – (h) (how to effectively return service).

The record does not reflect that Jackson properly served the Complaint or Amended Complaint on UPM as provided in Federal Rule of Civil Procedure 4(h). The undersigned previously informed Jackson by Order dated December 9, 2020 that she had not properly served UPM. ECF No. 18. Jackson responded with a Motion to Rule (ECF No. 19) in which she stated that she already had proven service on UPM as reflected in ECF No. 8. However, as noted above, Jackson is not a proper person to serve the Summons and Complaint or Amended Complaint under the Federal Rules of Civil Procedure.

Thereafter, the undersigned issued an additional Order on February 17, 2021 explaining to Jackson that she had not properly served UPM and brought the defendant before the Court for prosecution of this case. ECF No. 23. The undersigned specifically warned Jackson that "the Court upon its own initiative, after notice to the Plaintiff, must dismiss the action without prejudice if she does not properly serve the Defendant within 90 days of the date on which she filed her Complaint or by a specified date. Fed. R. Civ. P. 4(m)." ECF No. 23 at 3. The undersigned ordered Jackson to perfect service of process on UPM under the Federal Rules of Civil Procedure on or before March 19, 2021. *Id.* The Court warned her that if she did not "timely perfect service of process upon the Defendant by that time, the undersigned may recommend dismissal of her causes of action without prejudice for failure to serve process under the rules."

Jackson did not perfect service of process on UPM by the extended deadline ordered by the Court. Instead, she filed her Motions for Miscellaneous Relief (ECF Nos. 24 and 26) and Motion to Enter Default (ECF No. 28) and persisted in arguing that she had served UPM herself.

She also sought to prove that she had properly served UPM by emailing copies of the Motion to Enter Default and Motion for Default to UPM and having a process server mail these motions to UPM's address in Boca Raton, Florida. *See* ECF Nos.29 and 30.

"In the absence of valid service of process, proceedings against a party are void." *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Federal Rule of Civil Procedure 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint." *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008); *see* Fed. R. Civ. P. 12(b)(5). The plaintiff is responsible for having the summons and complaint served within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1). If a defendant is not properly served within this time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (emphasis omitted). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice

or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citing *Petrucelli v. Bohringer and Ratzinger, GmbH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995)) (emphasis omitted).

Jackson failed to serve UPM within ninety days of filing the Complaint or the Amended Complaint. The Court extended the deadline and warned Jackson of the consequences of failing to comply with the Court's order. But even with the additional time and despite the Court's warning, she did not file proof of proper service or allege good cause for failure to effect timely service. Accordingly, the Court should dismiss her Amended Complaint for failure to effect service in a timely manner.

Additionally, because Jackson did not properly serve UPM with a copy of the Complaint or Amended Complaint and the Summons, UPM is not before the Court, and any proceedings against it are void. Since UPM is not properly before the Court, Judge O'Connor should deny as moot Jackson's Motion for Summary Judgment (ECF No. 15), Motion to Set a Hearing Date (ECF No. 16), Motion to Rule (ECF No. 19), Motions to Enter Default (ECF Nos. 20 and 28), Motion for Default Judgment (ECF No. 21), and Motions for Miscellaneous Relief (ECF Nos. 24 and 26).

### III.  RECOMMENDATION

Because Jackson failed to serve UPM as required by law and as ordered by the Court, the undersigned recommends that United States District Judge Reed O'Connor **DENY** the pending motions **as MOOT** and **DISMISS** this case **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis

for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on June 10, 2021.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE