# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **NAKISHA JACKSON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00800-O-BP |
| § | |
| **UPM SERVICE CORP.,** § | |
| § | |
| Defendant. § | |

## ORDER-

Before the Court are the Complaint (ECF No. 1) and Amended Complaint (ECF No. 14) filed by Nakisha Jackson ("Jackson") on July 30 and October 28, 2021, respectively. Also pending for consideration are Jackson's Motion for Summary Judgment (ECF No. 15), Motion to Set a Hearing Date (ECF No. 16), Motion to Rule (ECF No. 19), Motions to Enter Default (ECF Nos. 20 and 28), Motion for Default Judgment (ECF No. 21), and Motions for Miscellaneous Relief (ECF Nos. 24 and 26). This case was referred to the Magistrate Judge Ray for pretrial management on December 7, 2020. ECF No. 17. After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.  It is therefore **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. Further, the Court must **DENY** all pending motions **as MOOT**.

I. **BACKGROUND**[1]

Jackson filed this suit alleging medical malpractice on July 30, 2020. ECF No. 1. The clerk issued summons to Defendant UPM Service Corp. ("UPM") and other defendants that same day. ECF No. 2. Jackson filed a Certificate of Service on August 13, 2020 in which she certified that "all parties listed below were notified, in a timely fashion, of the civil action against them, with summons (7/30/20) …." ECF No. 8. Included on that list was UPM, 1501 Yamato Rd, Ste 200 W, Boca Raton, FL 33431. *Id.*

Jackson filed a Motion to Amend Complaint on October 28, 2020, which this Court granted the same day. ECF Nos. 12 and 13. Jackson filed her Amended Complaint, which named UPM as the sole defendant, on October 28 as well. ECF No. 14. In the certificates of service in the Motion to Amend Complaint and in the Amended Complaint itself, Jackson certified that she had served the Motion and Amended Complaint on UPM at the Yamato Road address in Boca Raton, Florida shown above and "[f]or notification purposes only, as the registered agent of UPM Service Corp: Unified Women's Healthcare of Texas, 15303 N. Dallas Pkwy, Ste 650, Addison, TX 75001." *See* ECF Nos. 12 at 8, 14 at 9. However, the file does not reflect that Jackson has properly served UPM with a Summons and either the Complaint or the Amended Complaint under the Federal Rules of Civil Procedure. Magistrate Judge Ray recommended that the Court dismiss this case under Federal Rule of Civil Procedure 4(m) and Plaintiff filed an objection. *See* ECF Nos 31-32. The Court reviews the FCR de novo.

II. **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served

---

[1] The following facts are adopted from the Magistrate's FCR. *See* ECF No. 31.

within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." According to Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days from the date she files her complaint in which to serve the defendants with a copy. If the plaintiff does not serve a defendant within that time, the Court must dismiss the case without prejudice or "order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 4(h) gives a plaintiff two ways to serve process on a corporation. A plaintiff can either follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or deliver "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(e)(1), 4(h)(1). The district court in this case is in Texas, and Texas state law provides that service of process on a foreign corporation may be accomplished by serving the president, vice president, or registered agent of the corporation. Tex. Bus. Orgs. Code §§ 5.201(a) and 5.255(1).

A plaintiff may not serve the summons and complaint herself. The Federal Rules of Civil Procedure provide that "[a]ny person who is at least 18 years old and ***not a party*** may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Additionally,

> [u]nless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

Fed. R. Civ. P. 4(e)(1).

Under Texas Rule of Civil Procedure 103, "***no person who is a party to or interested in the outcome of a suit*** may serve any process . . . ." Tex. R. Civ. P 103 (emphasis added). Rule 103 also lists a variety of persons who may serve process. *Id.* Furthermore, the "officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay." Tex. R. Civ. P. 105. The citation shall be:

> served by any person authorized by Rule 103 by (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex. R. Civ. P. 106(a)(1) - (2). *See also* Tex. R. Civ. P. 107(a) – (h) (how to effectively return service).

The record does not reflect that Jackson properly served the Complaint or Amended Complaint on UPM as provided in Federal Rule of Civil Procedure 4(h). Magistrate Judge Ray previously informed Jackson by Order dated December 9, 2020 that she had not properly served UPM. ECF No. 18. Jackson responded with a Motion to Rule (ECF No. 19) in which she stated that she already had proven service on UPM as reflected in ECF No. 8. However, as noted above, Jackson is not a proper person to serve the Summons and Complaint or Amended Complaint under the Federal Rules of Civil Procedure, so the service of process is invalid.

Thereafter, the Magistrate Judge issued an additional Order on February 17, 2021 explaining to Jackson that she had not properly served UPM. ECF No. 23. The Magistrate Judge warned Jackson that "the Court upon its own initiative, after notice to the Plaintiff, must dismiss the action without prejudice if she does not properly serve the Defendant within 90 days of the date on which she filed her Complaint or by a specified date. Fed. R. Civ. P. 4(m)." ECF No. 23

at 3. The Magistrate Judge ordered Jackson to perfect service of process on UPM under the Federal Rules of Civil Procedure on or before March 19, 2021. *Id.* The Magistrate Judge warned her that if she did not "timely perfect service of process upon the Defendant by that time, the undersigned may recommend dismissal of her causes of action without prejudice for failure to serve process under the rules."

Jackson did not perfect service of process on UPM by the extended deadline ordered by the Court. Instead, she filed her Motions for Miscellaneous Relief (ECF Nos. 24 and 26) and Motion to Enter Default (ECF No. 28) and persisted in arguing that she had served UPM herself. She also sought to prove that she had properly served UPM by emailing copies of the Motion to Enter Default and Motion for Default to UPM and having a process server mail these motions to UPM's address in Boca Raton, Florida, neither of which are proper methods of service unless the Court grants leave for substituted service, which it has not. *See* ECF Nos. 29-30.

"In the absence of valid service of process, proceedings against a party are void." *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Federal Rule of Civil Procedure 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint." *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008); *see* Fed. R. Civ. P. 12(b)(5). The plaintiff is responsible for having the summons and complaint served within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1). If a defendant is not properly served within this time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

5

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (emphasis omitted). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citing *Petrucelli v. Bohringer and Ratzinger, GmbH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995)) (emphasis omitted).

Jackson failed to serve UPM within ninety days of filing the Complaint or the Amended Complaint. The Court extended the deadline and warned Jackson of the consequences of failing to comply with the Court's order. But even with the additional time and despite the Court's warning, she did not file proof of proper service or allege good cause for failure to effect timely service. Jackson states in her objection (ECF No. 32) that she had a hard time serving process due to COVID-19 and an alleged unavailability of process servers. However, this Court has hundreds of other cases on the docket and not a single party has alleged that COVID-19 made service of process impossible. To the contrary, this Court's docket has remained busy throughout the course of the pandemic and inability to properly serve parties due to unavailability of process servers has not been an issue. This case has been pending for nearly a year. Jackson has had ample time to properly serve UPM, and although she is a pro se litigant, this Court has given more than enough time for Jackson to comply with the federal rules.

Therefore, because Jackson did not properly serve UPM with a copy of the Complaint or Amended Complaint and the Summons, the Court does not have jurisdiction over UPM. Therefore, the Court must dismiss this case without prejudice under Rule 4(m) and **DENY as moot** Jackson's Motion for Summary Judgment (ECF No. 15), Motion to Set a Hearing Date (ECF No. 16), Motion to Rule (ECF No. 19), Motions to Enter Default (ECF Nos. 20 and 28), Motion for Default Judgment (ECF No. 21), and Motions for Miscellaneous Relief (ECF Nos. 24 and 26).

**SO ORDERED** on this **17th day of June, 2021.**

*[Signature]*
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**